## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID TIMBERS | * |
| Plaintiff, | * |
| v. | *    Civil No. 8:21-cv-00293-PX |
| TELLIGENT MASONRY, LLC, et al. | * |
| Defendants. | * |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT TELLIGENT MASONRY, LLC'S MOTION TO DISMISS

Defendant Telligent Masonry, LLC (hereinafter, "Defendant"), by and through its undersigned counsel, has brought a Motion to Dismiss Count I through Count IV in this matter for failure to state a claim under Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6). In support of its Motion to Dismiss, Plaintiff attaches this Memorandum of Law in Support and states as follows:

### 1. Background

Plaintiff began working for Defendant in March of 2019 as a brick mason. Although Plaintiff alleges that he always performed his job duties in a competent manner and met Defendant's reasonable expectations, he was dismissed from the jobsite and was not provided with further work opportunities in July of 2020. Complaint, ¶ 13. While Plaintiff characterizes this decision as "tantamount to a de facto demotion and/or suspension without pay" and/or that Plaintiff was "removed…and put on an un-paid status," Plaintiff was terminated. *See* Complaint ¶¶ 15, 16. Defendant later provided a list of legitimate, non-discriminatory reasons for Defendant's dismissal. Complaint ¶ 27. And aside from saying that "he has been discriminated against due to his race"

since the latest dismissal, Plaintiff has provided no specific actions that were allegedly discriminatory. Complaint, ¶ 13.

After Plaintiff was apparently unable to work for Defendant for two or more months (i.e., because he had been dismissed), he first allegedly made a complaint regarding discrimination to an employee of Defendant on September 16, 2020. *See* Complaint ¶ 19. At that time, Plaintiff allegedly indicated that "he believed he was being discriminated against due to his race (African American) and that, if he was not returned to work shortly, he would be filling [sic] a charge with the Equal Employment Opportunity Commission ("EEOC")." Complaint, ¶ 20. Apparently, after not reversing the decision to dismiss Plaintiff as a result of this threat – assuming it was ever made – Plaintiff escalated this complaint from his supervisor to Defendant's Human Resources department. Complaint, ¶¶ 21-22. To that end, on September 23, 2020, Plaintiff allegedly "reported his complaint of race discrimination and lack of work" and stated that "he would be filing a charge of race discrimination with the EEOC." Complaint, ¶ 22.

After receiving this complaint from Plaintiff, Defendant performed an investigation into his allegations. As a result of that investigation, Defendant responded by indicating that Plaintiff has previously been dismissed for making physical threats to other employees and for continued poor work performance. Complaint, ¶ 27. Defendant also provided Plaintiff with a Termination Notice to summarize the reason for his earlier dismissal. *Id.*

Despite this timeline, Plaintiff alleges that "he was never disciplined," "there were [never] any issues with his work performance," that the "false allegations/justifications provided by Defendants to legitimize Plaintiff's termination are pretexts for Defendants' true motivation," and his filing of internal complaints regarding unsubstantiated and unspecified discrimination – more

than two months after he had been dismissed – are the real reason that he was terminated. Complaint, ¶ 30, 33.

As a result, in November of 2020, Plaintiff filed a Charge of Discrimination ("Charge") with the EEOC regarding these issues.  Within that Charge, Plaintiff again stated that "For example, on or around July 31, 2020, I was denied work opportunities which was tantamount to a de fact demotion and/or suspension without pay" and also stated that he was allegedly "being discriminated against and/or being subject to a HWE due to my race."  He also alleged that "he was subject to "constant discrimination, harassment and/or HWE…"  Plaintiff did not provide any specific or concrete reference to any alleged discrimination, harassment, or other treatment that might be considered a hostile work environment – despite his contention that the discriminatory acts were "constant."  The EEOC did not render a finding and issued a right to sue letter on December 22, 2020.

At all times, Plaintiff has failed to describe any particular instance of any alleged racial discrimination to Defendant or to the EEOC.  Plaintiff has also failed to provide any facts that would lead to a reasonable inference that he was discriminated against, that he actually communicated any specific instance of discrimination to Defendant (other than vaguely stating he was discriminated against and would file an EEOC charge if not returned to work), and he has not provided even any allegation that he notified Defendant of any unsubstantiated complaint prior to being "put on un-paid status" (i.e., dismissed) in July, 2020.

**2.  The Title VII: Racial Discrimination Claim (Count I) Against Defendant Fails.**

In order to present a cognizable claim for racial discrimination pursuant to 42 U.S.C. § 2000e, a plaintiff must show that (1) he/she is a member of a protected class, (2) the discriminator knew of the employee's protected class, (3) that a particular act of harm occurred, and (4) that

others who were similarly situated were either treated more favorably or not subject to the same or similar adverse treatment.  In order to survive a motion to dismiss, a Title VII plaintiff must plausibly allege the statutory claim.  To that end, for status-based discrimination claims, the employee must "show that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016).

At the motion to dismiss stage, the court must accept all well-pled allegations in the complaint as true and the court should construe all factual allegations in the light most favorable to the plaintiff.  *See Albright v.* Oliver, 510 U.S. 266, 268 (1994); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999).  That said, "naked allegations" of a causal connection between the plaintiff's race or religion and the alleged discrimination do not state a plausible Title VII claim.  *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585-86 (4th Cir. 2015).  Although an allegation may be consistent with discrimination, it needs to additionally support a reasonable inference that the decision was motivated by bias.  *See also Sawyers v. United Parcel Serv.*, 946 F. Supp. 2d 432, 442 (D. Md. 2013), *aff'd,* 576 Fed. Appx. 199 (4th Cir. 2014) (stating that, as to the last element – comparator evidence – a plaintiff must provide evidence that they were "similarly situated" in all relevant respects and must go beyond bare, conclusory allegations).[1]  Accordingly, Plaintiff's claims as to discrimination must

---

[1] Plaintiff did not raise any comparison to similarly situated employees within his charge filed with the EEOC. Moreover, in that charge, Plaintiff raised alleged discrimination based on "harassment" and "hostile work environment" without providing any supporting allegations or references to others similarly situated; however, he does not appear to be pursuing that issue here.

There are also factual inconsistencies between the charges filed with the EEOC and the instant Complaint. In both instances, however, Plaintiff has not provided anything more than conclusory allegations without any underlying factual support. For example, in his EEOC charges, Plaintiff

4

fail as they do not plausibly allege a connection between his race and any adverse employment action.

With respect to the Title VII discrimination claim against Defendant, Plaintiff alleges only the following relevant information:

1) Plaintiff "suffered intentional discrimination because of his race…" Complaint, ¶ 41.

2) Plaintiff "suffered adverse employment actions because of his race, including being removed from his worksite, having his wages/hours cut, being denied the opportunity for continued work by Defendants, and being terminated on September 23, 2020." Complaint, ¶¶ 15-16, 42.

3) Plaintiff was treated differently than similarly situated brick masons who were Caucasian and/or Hispanic, who were allowed to continue working and were not denied work opportunities which "establish[es] inferences of discriminatory intent…" Complaint, ¶ 43.

4) Plaintiff was discriminated against as a direct result of his race, and would not have been discriminated against but-for his race. Complaint, ¶¶ 44-45.

Aside from these allegations, and the separate allegations related to retaliation, addressed infra, Plaintiff has given no further factual indication of how he was allegedly discriminated against. There are no specific facts given to put Defendant on notice of what any alleged discriminatory act even was – just that Plaintiff was denied work opportunities for some unspecified reason. (In addition to failing to provide a discriminatory act or purpose, Plaintiff alleges that Defendant's stated reasons for these actions – "poor work performance," verbal threats against an employee, and his overall conduct – are simply false without providing any apparent reason for their falsity.)

---

states that he was subject to "constant discrimination, harassment and/or HWE," but does not provide a single fact describing any of these instances.

These allegations, even taken in the light most favorable to Plaintiff, are not enough to support a Title VII claim against Defendant and cannot survive a motion to dismiss. As stated in *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)), the plausibility standard requires a plaintiff to demonstrate more than a "sheer possibility that a defendant has acted unlawfully." This standard requires the plaintiff to articulate facts, when accepted as true, that "show" that the plaintiff has stated a claim entitling him to relief, i.e., the "plausibility of 'entitlement to relief.'" *Id.* "More than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

As stated in *Francis*, whether a complaint states on its face a plausible claim for relief sufficient to survive a Rule 12(b)(6) motion will:

> …be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief,'" as required by Rule 8. *Iqbal*, 129 S.Ct. at 1950 (alteration in original) (citation omitted) (quoting Fed.R.Civ.P. 8(a)(2)). The Court noted that even though Rule 8 "marks a notable and generous departure from the hyper-technical, codepleading regime of a prior era…it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

*Id.* Further, speaking in the context of a claim under 42 U.S.C. § 1981, which is equally applicable in the context of a Title VII claim on this issue, "general, conclusory allegations that [a plaintiff] was a victim of racial discrimination [we]re simply not enough to bring a section 1981 action…and…courts should not strain to find that passing references to race are sufficient to state a section 1981 claim." *Ndondji v. InterPark Inc.,* 768 F. Supp. 2d 263, 274-75 (D.D.C. 2011). Further, "at the motion-to-dismiss stage, conclusory allegations…'are not entitled to the presumption of truth.'" *Johnson v. District of Columbia*, No. 13-1445 (JDB), 2014 WL 3057886, at *4 (D.D.C. July 8, 2014) (*quoting Iqbal*, 556 U.S. at 679).

6

Aside from these unsupported, conclusory allegations referenced above, Plaintiff has made no specific allegation of any action that was motivated by a consideration of race or was a but-for cause of his termination.  Even reading these allegations in the light most favorable to Plaintiff, they are nothing but bald assertions and they do not provide any detail to show that Plaintiff is or may be entitled to relief.  For instance, Plaintiff simply names a few names of employees of Defendant and says that they discriminated against Plaintiff due to his race.  Complaint, ¶ 13.  It is not clear who may have discriminated against Plaintiff or how they may have discriminated.  Perhaps the most specific allegations contained within the Complaint – though still not specific – relate to Plaintiff's rebuttal of the non-discriminatory reasons for his dismissal (i.e., that he claims that his poor work performance, verbal threats to others, and other negative conduct are "false").

Plaintiff does not provide any specific instance of alleged discrimination by anyone working for Defendant but, instead, baldly states that he was denied some indeterminable work opportunities because he was African-American.  There is simply no factual basis within the Complaint from which the Court can reasonably infer, much less has it been shown, that Defendant discriminated against Plaintiff.  Plaintiff has not offered sufficient allegations to render proper notice to Defendant of any purported wrong under FRCP 8, much less to supply plausibility of those wrongs, and therefore this claim should be dismissed.

**3.  The Discrimination Claim under 42 U.S.C. § 1981 (Count III) Against Defendant Fails.**

For many of the same reasons that the discrimination claim under Title VII fails, so too does the discrimination claim pursuant to 42 U.S.C. § 1981.  In order to state a claim of discrimination under this statute, a plaintiff must sufficiently allege the following: (1) he is a racial minority, (2) the defendant possessed intent to discriminate on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in the statute.  Importantly, a

plaintiff must allege that the defendant intentionally discriminated against him.  The Supreme

Court, in *Comcast Corp. v. National Ass'n of African American-Owned Media,* No. 18-1171

(March 23, 2020), stated that racial discrimination must be the but-for causation of the alleged

action – i.e., that the injury claimed would not have occurred but for the unlawful discrimination.

Thus, the standard to prove a claim under this statutory provision is actually higher than that

required for a Title VII claim.

Furthermore, as stated in *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847

(4th Cir. 1979), dismissal of such a claim is proper where a plaintiff makes only "conclusory

allegations of discrimination [that] were not supported by any reference to particular acts,

practices, or policies…" In *Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990), the Court provided

an example of when such claims are properly dismissed for failure to state a claim:

> The Complaint contains no factual allegations whatsoever to support these charges.
> The plaintiff has set forth no specific incidents of discrimination, no details of
> promotions to which she was entitled but which she did not receive, no explanation
> of the forms that any alleged harassment took, no specifics regarding her claims of
> disparate treatment of blacks and whites. The Complaint alleges religious
> discrimination but fails even to state what plaintiff's religious affiliation is, let alone
> how it has been the basis of any discriminatory acts. In short, the Complaint fails
> to allege sufficient facts to state a claim of racial or religious discrimination.

> *Id.* at 68. Appellant's conclusory allegations of discrimination and harassment do
> not state a claim upon which relief can be granted. *See Settles v. Pinkerton, Inc.,*
> 482 F. Supp. 461, 468 (D.S.C. 1979); *Feazell v. Augusta County Jail,* 401 F. Supp.
> 405, 407 (W.D.Va. 1975). The district court properly dismissed appellant's
> complaint in its entirety.

In *Woods v. City of Greensboro*, 855 F.3d 639, 653 (4th Cir. 2017), Judge Wilkinson

summarized the standard in his dissenting opinion:

> The distinction that *Twombly* and *Iqbal* draw between plausibility and mere
> possibility means this: in cases where there is no more than bald conjecture of
> impermissible animus, the claim should be dismissed at the pleading stage.
> Discovery is an expensive and cumbersome process that parties should not
> frivolously be forced to undertake. *See id.* at 557–60, 127 S.Ct. 1955. "So, when

the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558, 127 S.Ct. 1955 (internal quotation marks omitted).

In this case, the discrimination claim under 42 U.S.C. § 1981 must be dismissed as it fails to properly state a claim.  Here, Plaintiff provides only conclusory remarks that he "suffered intentional discrimination [by Defendant]," "discriminatory acts committed by Defendant...violate Section 1981," and "[b]ut for the Plaintiff's race...The Plaintiff would not have been discriminated against...and would not have suffered adverse employment actions." Complaint, ¶¶ 54-56.  Even incorporating the other generalized allegations from the Complaint (e.g., "...Plaintiff has been discriminated against due to his race...by his three (3) immediate supervisors...," "Plaintiff was denied work opportunities," "Plaintiff was removed from his worksite...," and similarly situated brick masons "were allowed to continue working and were not denied work opportunities"), Plaintiff has failed to meet the burden of pleading.

Looking to the analysis from *Simpson*, Plaintiff has set forth "no specific incidents of discrimination, no details [of an adverse action]...no explanation of the forms that any alleged [discrimination] took, [and] no specifics regarding [his] claims of disparate treatment..." Accordingly, this claim should be dismissed at the pleading stage because "there is not more than bald conjecture of impermissible animus." As stated in *Woods*, dismissal at this stage would avoid expensive and cumbersome discovery that the parties should not frivolously be forced to take.

### 4.  The Title VII: Retaliation Claim (Count II) Against Defendant Fails.

Since there are no facts that, even when viewed in the light most favorably to Plaintiff, could support any showing that Defendants acted in a discriminatory manner, Plaintiff also raises two retaliation claims: one under Title VII and another under 42 U.S.C. § 1981.  To make a cognizable claim for Title VII retaliation, a plaintiff must show:

> "(i) that she engaged in protected activity, (ii) that her employer took adverse action against her, and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015) (brackets and internal quotation marks omitted).

*Wilcox v. Lyons*, 970 F.3d 452, 457 (4th Cir. 2020).

> The necessary causal link is between the employee's complaint and the adverse action, not between her [status] and the adverse action. *See Wetzel v. Glen St. Andrew Living Cmty., LLC*, 901 F.3d 856, 868 (7th Cir. 2018) ("[A]ll anti-retaliation provisions ... provide[ ] protections not because of who people are, but because of what they do.").

*Id.* at 460. Here, as alleged, there is no clear connection between any adverse employment action

and any "protected activity" of Plaintiff.  To be considered a "protected activity" under the

opposition component of Title VII:

> A plaintiff's complaint to her employer must be about unlawful employment practices that she reasonably believes are unlawful. *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338-39 (4th Cir. 2006). Complaints are not considered protected activities when they fail to make any allegations about discrimination based on a protected characteristic. *See, e.g., Staten v. Maryland Dep't of Labor, Licensing & Regulation,* Civ. No. RDB-07-3409, 2010 WL 1246036, at *4 (4th Cir. Mar. 26, 2010).

*McGruder v. Epilepsy Found. of America, Inc.*, Civil Action No. 11-cv-02310-AW, at *6-7 (D.

Md. Mar. 9, 2012).  Moreover, it is clear that more than an overgeneralized statement to an

employer is necessary to constitute a "protected activity," as explained in *McGruder*:

> However, Plaintiff's complaint contains only the bare contention that she believes Title VII has been violated, without any allegations whatsoever of discrimination based on a protected characteristic. Her complaint is thus insufficient to constitute a protected activity. *See Barber,* 68 F.3d at 702 ("[a] general complaint of unfair treatment does not translate into a charge of illegal [] discrimination."); *see also Staten,* 2010 WL 1246036, at *4; *Balzas v. Liebenthal,* 32 F.3d 151, 159 (4th Cir. 1994). Plaintiff could not have had a reasonable belief that she was opposing any employment practice proscribed by Title VII, the MHRA, Section 1981, or the ADA where she alleged no conduct rendered unlawful by those statutes.

> Accordingly, Plaintiff has failed to state a claim for retaliation under any of the state or federal statutes upon which she relies, and Plaintiff's amended Complaint is accordingly dismissed.

*Id.* at *12 (D. Md. Mar. 9, 2012) (also stating that "[c]omplaints are not considered protected activities when they fail to make any allegations about discrimination based on a protected characteristic"). *See also Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701-02 (3d Cir. 1995) (opposition activity must convey opposition of a practice of discriminating on a protected characteristic).

And while "[n]o particular magic words are required, all that is necessary is that 'the employee at least have actually opposed employment practices made unlawful by *Title VII*,' rather than raised generalized workplace grievances." *McNair v. Computer Data Sys., Inc.,* 172 F.3d 863, 1999 WL 30959, at *5 (4th Cir. Jan. 26, 1999). *See also Ruffner v. MD OMG EMP LLC,* No. WDQ–11–1880, 2012 WL 3542019, at *3 (D.Md. Aug. 13, 2012) ("The employee must, at least implicitly or indirectly, complain about or oppose prohibited discrimination. Complaints about a supervisor's 'rude' conduct, or other generalized complaints which do not alert the employer or person receiving the complaint 'that [the employee's] complaints were based on an allegation of discrimination,' are not protected activity."). Furthermore, in order to qualify as "protected activity" under the opposition clause, a plaintiff must show they had an objectively reasonable belief the conduct they were opposing was actionable under Title VII; however, under the participation clause, a plaintiff need not make that showing. *See Netter v. Barnes*, 908 F.3d 932, 937-38 (4th Cir. 2018). The Fourth Circuit has said that, to "satisfy the 'protected activity' element of a *prima facie* case of retaliation," the "protected activity" in question "requires [a] specific allegation of unlawful . . . discrimination." *McNair v. Computer Data Sys., Inc.*, 172 F.3d 863 (4th Cir. 1999). *See also Cox v. U.S. Postal Serv. Fed. Fed. Credit Union*, PX-14-3702, 2016 WL

3477155, at *3 (D. Md. June 27, 2016) ("[T]here must be evidence that the oppositional act was directed toward an unlawful employment practice prohibited by Title VII.").

Here, Plaintiff has failed to sufficiently allege any actionable retaliation claim under Title VII. With respect to alleged "retaliatory discrimination directly performed by Jose Valladares, Joseph Williams, [and] Tranquilino Villegas," there is no conceivable basis for any retaliatory action as Plaintiff has not alleged that they were ever on notice of any "opposition activity" when they dismissed him in July, 2020. Even accepting the allegations as true, the first time that Plaintiff ever allegedly complained about discrimination was on September 16, 2020.[2] None of those individuals took any action with respect to Plaintiff on or after that date (as Plaintiff was not working or under their supervision since either July 1, 2020 or July 31, 2020, as alleged) and, accordingly, there is no basis for retaliation.

With respect to Tia Taylor, another of Defendant's employees, Plaintiff apparently first made a complaint to her regarding discrimination on September 23, 2020. As stated in the Complaint, "Plaintiff again reported his complaint of race discrimination and lack of work...[and] also informed Defendant Tia Taylor during this telephone conversation that he would be filing a charge of race discrimination with the EEOC." Complaint, ¶ 23. However, while Plaintiff did not receive a termination notice until September 23, 2020, by Plaintiff's own allegations, he had already been dismissed by his immediate supervisors back in July, 2020. *See* Complaint, ¶¶ 15-17, 19-20 (since July, 2020 he "was denied work opportunities" and he was "denied the ability to continue working for Defendant"). Furthermore, Plaintiff did not complain of any action that

---

[2] As phrased by Plaintiff, "he believed he was being discriminated against...and...if he was not returned to work shortly, he would be filling [sic] a charge with the Equal Employment Opportunity Commission..." Complaint, ¶ 20. Plaintiff apparently had already been out of work for two months at this point and, only after waiting for this period, began making threats to file litigation if Defendant did not re-hire him.

could put Defendant on notice of alleged discrimination; instead, Plaintiff merely complained in conclusory terms that there was "race discrimination" against him. There were no facts or conduct that Defendant could investigate and no employment practice described from the decision to terminate him two months prior. (Instead, as referenced in the Complaint, an internal investigation noted that Plaintiff had engaged in numerous significant acts of prior misconduct and had previously been dismissed.) Moreover, based on an utter lack of any action upon which a complaint could be made, there was no objective basis upon which a "protected activity" of Plaintiff can be found.

Finally, aside from the lack of any "protected activity," with respect to Tia Taylor's involvement, the Termination Notice sent to Plaintiff was not his termination; instead, it memorialized that Plaintiff had already been dismissed. Since Plaintiff has already been dismissed (as characterized by Plaintiff: "removed," "denied work opportunities," and "put on an un-paid status"), this is further support that no protected activity related to an adverse employment action. Accordingly, the retaliation claim under Title VII fails and must be dismissed.

**5. The 42 U.S.C. § 1981 Retaliation Claim (Count IV) Against Defendant Fails.**

For many of the same reasons that the retaliation claim under Title VII fails, so too does the claim of retaliation made pursuant to 42 U.S.C. § 1981. Again, these claims contain nothing more than bald, conclusory allegations with no support for any finding of retaliation.

To establish a *prima facie* case of retaliation under 42 U.S.C. § 1981, a plaintiff must show (1) that he engaged in a protected activity, (2) that the defendant took adverse action against him, and (3) the protected activity was causally connected to the adverse action. *Holland v. Washington Homes, Inc.,* 487 F.3d 208, 218 (4th Cir.2007); *Beall v. Abbott Labs.,* 130 F.3d 614, 619 (4th Cir.1997). To prove a causal connection, a plaintiff must be able to show that defendants' actions

were "because the plaintiff engaged in a protected activity." *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 657 (4th Cir.1998).  In order for but-for causation to be found, the plaintiff must show that the defendant had knowledge that the plaintiff was engaged in a protected activity.

Any claims of retaliation under this statute with respect to Defendant must fail.  Even taking the allegations as true, Plaintiff did not lodge any complaints until at least September 16, 2020.  By that time, Plaintiff had already been dismissed.  Accordingly, no retaliatory action could have been taken by Jose Valladares, Joseph Williams, or Tranquilino Villegas.  And, as stated by Plaintiff, on that date, he threatened that "if he was not returned to work shortly, he would be filling [sic] a charge with the [EEOC]."  Complaint, ¶ 20.  When Plaintiff contacted Defendant's Human Resources department a week later, he again alleged "race discrimination and lack of work" and threatened filing a complaint with the EEOC if not re-hired.  Complaint, ¶ 23.  Plaintiff readily admits that he first brought these complaints of alleged racial discrimination after he had already been "removed," "put on un-paid status," and "denied work opportunities."  The issuance of the Termination Notice, which merely memorialized these earlier actions did not affect his standing with the employer.  Since Defendant did not have any knowledge of any protected activity prior to Plaintiff's dismissal in July, there is no basis for any claim of retaliation.

Moreover, even assuming arguendo, that the issuance of the Termination Notice could be construed as an adverse employment action, Plaintiff's claim still fails because it docs not adequately allege that he engaged in a "protected activity."  To this end, opposing an "unlawful employment practice" is a protected activity.  *Cepada v. Bd. of Educ. of Bal. Cty.*, 974 F. Supp. 2d 772, 788 (D. Md. 2013).  A protected activity also includes "employment actions [she] reasonably believes to be unlawful."  *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 282 (4th Cir.

2015).   To have a reasonable belief, an employee must both have acted in good faith (i.e.,

subjectively believe there was unlawful conduct) and that belief must be objectively reasonable in

light of the facts. *Peters v. Jenney*, 327 F.3d 307, 321 (4th Cir. 2003).  To satisfy this standard, an

employee must show that the listener is put on notice of the alleged unfair practice by specifically

naming the practice at issue and the basis of the alleged discrimination.  By his own allegations,

Plaintiff said only that "he was being discriminated against due to his race" and that if he was not

returned to work, he would file a charge with the EEOC.  Complaint, ¶ 20.  He later complained

of race discrimination and a lack of work.  Complaint, ¶ 23.  These do not rise to the level of

protected activity within the context of 42 U.S.C. § 1981 as, at the least, there is no objectively

reasonable basis.  Given the timing, it appears substantially likely that there was no subjective

belief either, as the issue had not previously been raised by Plaintiff and was done two months

after being "suspended without pay" in an attempt to have Defendant re-hire him under threat of

litigation.

Plaintiff has not alleged that he ever complained of a specific unfair practice of Defendant

and, thus, Defendant could not have been put on any notice.  *See Fattoruso v. Hilton Grand*

*Vacations Co.*, 873 F. Supp. 2d 569, 581 (S.D.N.Y. 2012) (where no objective basis to substantiate

unlawful behavior, and employer not reasonably informed, no protected activity exists).  Plaintiff

merely stated that he was out of work and, separately, that he was being discriminated against.

Plaintiff does not allege who engaged in any allegedly discriminatory conduct, when that

discriminatory conduct occurred, how it occurred, or why it occurred.  There was no basis for any

investigation by Defendant, no ability to consider whether similarly situated individuals were

treated differently, and there was no wrong that Plaintiff sought to be undone or otherwise dealth

with.  Instead, Plaintiff had previously been dismissed and began making unsupported threats to

Defendant if he was not returned to work. While it is likely that Plaintiff did not subjectively believe there was any discrimination, he has not presented any plausible information to support an objective finding of a protected activity. Accordingly, as currently pled, Count IV of the Complaint must be dismissed.

Accordingly, for all of the reasons contained herein, the Motion to Dismiss as to Count I through Count IV of the Complaint should be dismissed with prejudice.

Respectfully submitted,

Brandon N. Mourges
Federal Bar No. 29477
Crepeau Mourges
1344 Ashton Road, Suite 110
Hanover, MD 21076
Phone: 667.900.9912
Fax: 667.999.0202
Email: brandon@usataxlaw.com