## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

**DAVID TIMBERS**
  *Plaintiff,*
*v.*

**TELLIGENT MASONRY, LLC
d/b/a TELLIGENT MASONRY
CONSTRUCTION, *et al*.**

  *Defendants.*

Civil Action No.  8:21-cv-00293-PX

### AMENDED COMPLAINT & JURY DEMAND

   Plaintiff David Timbers ("Mr. Timbers" or "Plaintiff"), by and through his attorneys, James M. Ray, II and Ray Legal Group, LLC, hereby brings this action against Defendants Telligent Masonry, LLC d/b/a Telligent Masonry Construction ("Defendant Telligent") and Tia Taylor and alleges:

### NATURE OF THE ACTION

   1.  The Plaintiff brings this civil action against Defendant Telligent seeking damages and/or other legal relief for Defendant Telligent's violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§  2000e, *et seq,*, and against Defendants Telligent and Tia Taylor seeking damages and/or other legal relief for Defendants' violations of 42 U.S.C. § 1981.

### THE PARTIES

   2.  Plaintiff David Timbers is and was at all times relevant a citizen of Falls Church, Virginia.

   3.  Defendant Telligent is a Maryland corporation with its principal office located in Rockville, Maryland.

4.      Defendant Tia Taylor is a citizen of Montgomery County, Maryland.  Defendant Tia Taylor is the current Human Resources ("HR") Specialist for Defendant Telligent.

<u>JURISDICTION & VENUE</u>

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, § 1332, § 1343(a)(4), and/or § 1367 and 42 U.S.C. § 2000e-5.

6.      The Title VII causes of action stated herein are authorized by 42 U.S.C. § 2000e. Section 1981a(c) authorizes a jury trial for the Plaintiff's Title VII claims.

7.      The 42 U.S.C. § 1981 causes of action stated herein are authorized by that statute. The Plaintiff is entitled to a jury trial on his § 1981 claims.

8.      Venue is proper in this District under 28 U.S.C. § 1391, where a substantial part of the events giving rise to Plaintiff's claims occurred.

9.      On or about November 19, 2020, the Plaintiff timely filed a charge with the EEOC (Charge No. 570-2020-02700) alleging race discrimination, racially hostile work environment and retaliation against Defendant Telligent. The EEOC issued a "right to sue" letter to the Plaintiff relating to this charge on December 22, 2020.

10.     Plaintiff has complied with all conditions precedent, administrative requirements, and/or legal preconditions otherwise to properly file and pursue his civil action.  This civil action is lawfully filed in this Court.  All conditions precedent have occurred or been performed.

<u>FACTS COMMON TO ALL COUNTS</u>

11.     The Plaintiff began his employment for Defendant Telligent in March of 2019 as a Brick Mason.

12.     During his employment with Defendant Telligent, the Plaintiff always performed his job duties in a competent manner and met Defendant Telligent's reasonable expectations.

13.     During his employment, the Plaintiff has been discriminated against due to his race (African American) from July 31, 2020 through his termination on September 23, 2020 by his three (3) immediate supervisors, Jose Valladares, Joseph Williams, and Tranquilino Villegas.

14.     In addition, Defendants, including Defendant Tia Taylor, retaliated against the Plaintiff by terminating Plaintiff's employment on the same day, September 23, 2020, that he made an internal complaint of race discrimination.

15.     Beginning after July 31, 2020, the Plaintiff was denied work opportunities and was given reduced hours of work by all three of his supervisors.

16.     Specifically, Plaintiff had been working on Defendant Telligent's worksite in Reston, Virginia.  When work in Reston, Virginia was temporarily halted on or about July 31, 2020, Plaintiff and his brother, who is also African-American and a Brick Mason, were told to go to Gainesville, Virginia, where Defendant Telligent was involved in the construction of a high school.  When Plaintiff and his brother arrived at the Gainesville, Virginia site, they were told by supervisor Jose Valladares that Defendant Telligent did not have any work for them.  However, prior to Plaintiff and his brother leaving, a group of fellow Brick Masons, all of whom were Hispanic and employees of Defendant Telligent, arrived at the Gainesville, Virginia work site and were put to work.  Defendant Telligent and supervisor Jose Valladares begrudgingly had Plaintiff and his brother work at the site for the day.  At the end of the day, Defendant Telligent and supervisor Jose Valladares told Plaintiff and his brother not to return to the Gainesville, Virginia work site and, if they did, he would not assign them any work.

17.     Similarly situated Brick Masons, who were non-African American, were allowed to continue working, including working at the Gainesville, Virginia site, and were not denied work opportunities like the Plaintiff and were not assigned reduced hours of work.  The similarly-

situated non-African American Brick Masons were supervised by the same three supervisors, Jose Valladares, Joseph Williams, and Tranquilino Villegas, who supervised the Plaintiff, were subject to the same work standards as the Plaintiff and were performing the same work and the same standard of work as Brick Masons as the Plaintiff performed.  No differentiating or mitigating circumstances exist that justify Defendant Telligent's more favorable treatment of these non-African American Brick Masons in comparison to Defendant Telligent's less favorable treatment of the Plaintiff, other than their status as non-African Americans.

18.     Plaintiff was not assigned any work for several days after the July 31, 2020 incident at the Gainesville, Virginia site.  Thereafter, Plaintiff was only given a reduced number of hours of work, less than the Plaintiff had been working prior to July 31, 2020, while non-African-American Brick Masons continued to work their regular hours.  No explanation was given by Defendants for Plaintiff's reduction in work hours and work opportunities that started after July 31, 2020, and lasted until his termination on September 23, 2020.  The reduction in Plaintiff's work hours was not due to any business justification or circumstances on the part of Defendant Telligent, as other non-African American Brick Masons continued to work their regular hours.

19.     As a result of being denied the ability to continue working regular (non-reduced) hours for Defendant Telligent (without any explanation or justification), Plaintiff made an internal complaint with his immediate supervisor, Tranquilino Villegas (General Superintendent), on or about September 16, 2020.

20.     During his complaint to Mr. Villegas on September 16, 2020, the Plaintiff also indicated that he believed, based on his experience of racial discrimination on July 31, 2020 at the Gainesville, Virginia high school site and his being assigned reduced hours thereafter, that he was being discriminated against due to his race (African American).  He further stated that, if he was

not returned to work at regular (non-reduced) hours shortly, he would be filing a charge with the Equal Employment Opportunity Commission ("EEOC").

21.     Because Plaintiff was not assigned regular (non-reduced) hours of work by September 22, 2020, Plaintiff contacted Defendant Telligent's HR department on September 22, 2020. However, no one was available in Defendant Telligent's HR department to take Plaintiff's call.

22.     As a result, Plaintiff again contacted Defendant Telligent's HR department on September 23, 2020. This time the Plaintiff was able to speak with Defendant Tia Taylor (HR Specialist for Defendant Telligent) on September 23, 2020.

23.     During this conversation, Plaintiff again reported his complaint of race discrimination and reduced hours of work being assigned to him. Plaintiff also informed Defendant Tia Taylor during this telephone conversation that he would be filing a charge of race discrimination with the EEOC.

24.     Defendant Tia Taylor "documented" Plaintiff's complaint of race discrimination, and opened an alleged investigation into his claims of race discrimination.

25.     Defendant Tia Taylor's alleged investigation lasted only a few hours.

26.     Upon information and belief, immediately following her telephone conversation with Plaintiff on September 23, 2020, Defendant Tia Taylor, acting individually, as an agent, servant, and employee of Defendant Telligent, decided, and/or recommended, that the Plaintiff's employment be terminated and drafted an Employee Disciplinary/Termination Form which contained false allegations of poor work performance by Plaintiff.

27.     The Employee Disciplinary/Termination Form that was drafted on September 23, 2020 falsely alleged that the Plaintiff had previously made verbal threats against another employee

(at some undisclosed time in the past) and otherwise demonstrated "poor work performance" during the course of his employment with Defendant Telligent.

28.     In addition, Defendant Tia Taylor, acting as an agent, servant, and employee of Defendant Telligent, and after having decided to terminate, and/or to recommend to terminate, the Plaintiff's employment, drafted a Termination Notice on September 23, 2020 that was mailed to the Plaintiff, which was not received by Plaintiff until several days later.

29.     The Termination Notice falsely alleged that Plaintiff was being terminated "due to [his] conduct over the past several months…."

30.     Plaintiff was never disciplined or otherwise informed by Defendants during the course of his employment that there were any issues with his work performance at any time prior to his termination.

31.     In fact, the first time Plaintiff learned that (i) he was being accused of poor work performance and, (ii) that he was being accused of engaging in inappropriate conduct, was not until the end of September 2020, when he received his termination paperwork in the mail— immediately after he internally complained of race discrimination and indicated that he would be filing a charge of discrimination with the EEOC to Defendants on September 23, 2020.

32.     At all times relevant, Plaintiff denies the false allegations that his work performance was poor, and/or that he verbally threatened another employee during the course of his employment with Defendant Telligent.

33.     The false allegations/justifications provided by Defendants to legitimize Plaintiff's termination are pretexts for Defendants' true motivation for terminating the Plaintiff's employment: to discriminate against the Plaintiff due to his race (African American), and/or to retaliate against the Plaintiff for engaging in protected activity *i.e.,* filing internal complaints of

race discrimination within the company and stating his intent to file a charge of discrimination with the EEOC.  Defendant Telligent never informed Plaintiff, prior to the claims made in the September 23, 2020 Termination Notice, that Plaintiff had engaged in any inappropriate conduct.

34.     Despite being aware of the constant discrimination and retaliation, Defendants failed to take any action to stop the discrimination/retaliation.

35.     The Plaintiff has been unlawfully discriminated against due to his race (African American) in violation of Title VII of the Civil Rights Act of 1964, as amended.

36.     The Plaintiff has been unlawfully retaliated against (*i.e.* terminated) for lodging a complaint of racial discrimination against his direct supervisors.

**COUNT I**
**(Violation of Title VII – Racial Discrimination)**
**(Against Defendant Telligent Masonry, LLC)**

37.     The Plaintiff incorporates the preceding allegations as if set forth fully herein.

38.     At all relevant times, Plaintiff was an "employee" of the Defendant under 42 U.S.C. § 2000e(f).

39.     At all relevant times, Defendant Telligent was an "employer" of the Plaintiff under 42 U.S.C. § 2000e(b).

40.     Under § 2000e-2(a), "[i]t shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely

affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

41.     Plaintiff suffered intentional discrimination because of his race in violation of 42 U.S.C. § 2000e-2(a)(1) and (2).

42.     The Plaintiff suffered adverse employment actions because of his race, including not being allowed to continue to work at the Gainesville, Virginia site,  having his hours reduced, being denied the opportunity for continued regular work by Defendants, and being terminated on September 23, 2020.

43.     Similarly situated Brick Masons, who were non-African American, were allowed to continue working at the Gainesville, Virginia site, did not have their hours reduced, and were not denied continued work opportunities like the Plaintiff establishing inferences of discriminatory intent toward the Plaintiff.   Alternatively, the Plaintiff, who is African-American, was treated differently than other similarly situated Brick Masons, who were Caucasian and/or Hispanic, and performed functions similar to those performed by the Plaintiff.

44.     Plaintiff was discriminated against with respect to the terms and conditions of his employment with Defendant Telligent Masonry, LLC as a direct result of his race.

45.     But for the Plaintiff's race (African-American) the Plaintiff would not have been discriminated against and would not have suffered adverse employment actions.

46.     As a direct and proximate result of Defendant Telligent's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

**COUNT II**
**(Violation of Title VII - Retaliation)**
**(Against Defendant Telligent Masonry, LLC)**

47.     The Plaintiff incorporates the preceding allegations as if set forth fully herein.

48.    Under § 2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

49.    Plaintiff suffered intentional retaliatory discrimination because of his race in violation of 42 U.S.C. § 2000e-3(a).  Plaintiff suffered retaliation by Defendant Telligent Masonry, LLC because of his race and/or because the Plaintiff opposed, made complaints about, and pursued remedies for racial discrimination, including submitting complaints of racial discrimination on September 16, 2020 and September 23, 2020 and for stating his intent to file a charge of discrimination with the EEOC on September 16, 2020 and September 23, 2020.

50.    The retaliatory discrimination was performed by Defendant Telligent, acting directly through Jose Valladares, Joseph Williams, Tranquilino Villegas, and/or Defendant Tia Taylor or by others acting under those employee's direction.

51.    But for the Plaintiff's race (African-American), and but for the Plaintiff engaging in protected activity (internally reporting race discrimination to his Employer and stating his intent to file a charge of discrimination with the EEOC), the Plaintiff would not have suffered this retaliation, and would not have suffered adverse employment actions including his termination.

52.    As a direct and proximate result of Defendant Telligent's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

### COUNT III
### (Violation of 24 U.S.C. § 1981 – Discrimination)
### (Against Defendant Telligent Masonry, LLC)

53.    The Plaintiff incorporates the preceding allegations as if set forth herein.

54.     The Plaintiff suffered intentional discrimination by Defendant Telligent Masonry, LLC because of the Plaintiff's race.

55.     The discriminatory acts committed by Defendant Telligent, including through its agents, servants, and employees were intentional and violate Section 1981.

56.     But for the Plaintiff's race (African American), the Plaintiff would not have been discriminated against by Defendant Telligent Masonry, LLC, and would not have suffered adverse employment actions (including termination).

57.     As a direct and proximate result of Defendant Telligent's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

**COUNT IV**
**(Violation of 24 U.S.C. § 1981 – Retaliation)**
**(Against Defendant Telligent Masonry, LLC)**

58.     The Plaintiff incorporates the preceding allegations as if set forth fully herein.

59.     Plaintiff suffered retaliation by Defendant Telligent Masonry, LLC because of his race and/or because the Plaintiff opposed, made complaints about, and pursued remedies for racial discrimination, including submitting complaints of racial discrimination on September 16, 2020 and September 23, 2020 and for stating his intent to file a charge of discrimination with the EEOC on September 16, 2020 and September 23, 2020.

60.     The discriminatory/retaliatory acts by Defendant Telligent Masonry, LLC, including through its agents, servants, and employees were intentional and violate Section 1981.

61.     But for the Plaintiff's race (African-American), and but for the Plaintiff engaging in protected activity (internally reporting race discrimination to his Employer and stating his intent to file a charge of discrimination with the EEOC), the Plaintiff would not have suffered this retaliation, and would not have suffered adverse employment actions including his termination.

62.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

**COUNT V**
**(Violation of 24 U.S.C. § 1981 – Retaliation)**
**(Against Defendant Tia Taylor)**

63.     The Plaintiff incorporates the preceding allegations as if set forth fully herein.

64.     Plaintiff suffered retaliation by Defendant Tia Taylor because of his race and/or because the Plaintiff opposed, made complaints about, and pursued remedies for racial discrimination, including submitting complaints of racial discrimination on September 16, 2020 and September 23, 2020, and for stating his intent to file a charge of discrimination with the EEOC on September 16, 2020 and on September 23, 2020.

65.     The discriminatory/retaliatory acts by Defendant Tia Taylor, and others acting under her direction, were intentional and violate Section 1981.

66.     But for the Plaintiff's race (African-American), and but for the Plaintiff engaging in protected activity (internally reporting race discrimination to his Employer and stating his intent to file a charge of discrimination with the EEOC), the Plaintiff would not have suffered this retaliation, and would not have suffered adverse employment actions including his termination.

67.     As a direct and proximate result of Defendant Tia Taylor's conduct, Plaintiff has suffered substantial pecuniary losses, severe humiliation, mental anguish, and pain and suffering.

WHEREFORE, Plaintiff David Timbers hereby demands judgment against Defendants Telligent Masonry LLC and Tia Taylor for compensatory (or actual) damages, including lost wages, salary, employment benefits, or other compensation denied or lost (or any actual monetary losses sustained by the employee as a direct result of the violation(s) complained of herein), as well as non-economic damages, in an amount to be proven and determined at trial; punitive (or

exemplary) damages as allowed by law; reinstatement (and/or front pay in lieu of reinstatement in an amount to be proven and determined at trial); interest as allowed by law; for such legal and/or equitable relief as may be appropriate, including back pay, full restoration of benefits, and/or promotion; an award of attorneys' fees, expert witness fees, other litigation expenses, and costs of the action; and such other and further relief as the nature of Plaintiff's cause requires.

Respectfully Submitted,

**RAY LEGAL GROUP, LLC**

By: __/s/ James M. Ray_____
James M. Ray, II (#012773)
jim.ray@raylegalgroup.com
8720 Georgia Avenue, Suite 803
Silver Spring, Maryland 20910
Phone: (301) 755-5656
Fax:    (301) 755-5627

*Attorneys For Plaintiff*

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff requests a trial by jury on all issues raised herein.

____/s/ James M. Ray, II_____
James M. Ray, II (#012773)

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of April 2021, a copy of the foregoing Amended

Complaint & Jury Demand was served electronically through the Court's CM/ECF system on:

Brandon N. Mourges, Esq.
Crepeau Mourges
1344 Ashton Road, Suite 110
Hanover, MD 21076
brandon@usataxlaw.com

*Counsel for Defendant Telligent Masonry, LLC*


Sarah S. Lemmert, Esq.
Franklin & Prokopik, P.C.
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
slemmert@fandpnet.com

*Counsel for Defendant Tia Taylor*


                                  /s/ James M. Ray, II
                                  James M. Ray, II (#012773)