UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID TIMBERS**<br><br>*Plaintiff*,<br><br>v.<br><br>**TELLIGENT MASONRY, LLC**<br>**d/b/a TELLIGENT MASONRY**<br>**CONSTRUCTION,** *et al*.<br><br>*Defendants.* | Civil Action No.  JKB-21-0293 |

### PLAINTIFF'S MOTION FOR LEAVE OF COURT
### TO FILE SECOND AMENDED COMPLAINT AND JURY DEMAND

Plaintiff David Timbers ("Plaintiff" or "Mr. Timbers"), by and through his undersigned counsel, James M Ray, II and Ray Legal Group, LLC and pursuant to Fed. R. Civ. P. 15, moves for leave of Court to file a Second Amended Complaint and Jury Demand and states as follows:

1. On February 4, 2021, Mr. Timbers filed this civil action against Telligent Masonry, LLC and Ms. Tia Taylor, seeking damages and/or other legal relief for Defendant Telligent's violations of the race provisions Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq,*, and against Defendants Telligent and Tia Taylor seeking damages and/or other legal relief for Defendants' violations of 42 U.S.C. § 1981.  ECF No. 1.  The Complaint was amended on April 13, 2021.  ECF No. 10.  The Defendants moved to dismiss the Amended Complaint, which the Court denied on March 23, 2022.  ECF No. 26.

2. In discovery, the Defendants produced factual information that provided clarity and certainty as to when specific events occurred.  For example, Plaintiff had been working on Defendant Telligent's worksite at Faraday Park East ("Faraday") in Reston, Virginia.  When work at the Faraday site in Reston, Virginia was temporarily halted on or about Friday, August 21, 2020,

the Plaintiff and his brother, Albert Timbers, who is also African-American and a Brick Mason, and six (6) other Hispanic Brick Masons were told by the Faraday supervisor, Wilber Bonilla, to go to Prince William High School site in Gainesville, Virginia where Defendant Telligent was involved in the construction of a high school. When Plaintiff and his brother arrived at the Gainesville, Virginia site, they were told by supervisor Jose Valladares that Defendant Telligent did not have any work for them at that location. However, prior to Plaintiff and his brother leaving, a group of fellow brick masons, all of whom were Hispanic and employees of Defendant Telligent arrived at the Gainesville, Virginia work site and were put to work. Documents provided in discovery established that this event occurred on August 21, 2020 and not on July 31, 2020 as stated in the current amended complaint. In discovery, the Plaintiff learned the names of the Hispanic brick masons who were allowed to work when the Plaintiff not was assigned work; those Hispanic employees are now identified in the complaint. Other factual information obtained in discovery has been added to the proposed second amended complaint so that the complaint and the timeline in the complaint conform to the recently obtained information.

      3.     Pursuant to Fed. R. Civ. P. 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). *See Booker v. Nat'l Fallen Firefighters Found.*, CV CCB-19-3158, 2021 WL 511218, at *1 (D. Md. Feb. 11, 2021) ("Leave to amend should be freely granted under Rule 15(a), and amendments are generally accepted absent futility, undue prejudice, or bad faith"). The allegations in the Second Amended Complaint are not futile, prejudicial or brought in bad faith and are based on information provided by the Defendants in discovery.

      4.     Although this motion for leave to file a second amended complaint is being brought after the May 9, 2022 deadline for amendments, the amendment is based on additional facts that

were learned through discovery after the deadline. *See Aramayo v. Johns Hopkins Home Care Group, Inc.*, No. CV ELH-20-3275, 2021 WL 3883264, at *4 (D. Md. Aug. 31, 2021) (granting "leave to file an amended complaint, to include additional factual allegations in support of [plaintiff's] claims and as to damages.")

5. The interest of justice requires that leave be granted to allow the Plaintiff to file the proposed Second Amended Complaint and Jury Demand.

6. The Defendants, through their counsel, do not consent to the relief request in this motion.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an Order granting the Plaintiff leave to file the attached Second Amended Complaint and Jury Demand.

    Respectfully Submitted,

    RAY LEGAL GROUP, LLC


    By: James. M. Ray, II
    James M. Ray, II
    Fed. Bar. #: 012773
    8720 Georgia Avenue, Suite 803
    Silver Spring, Maryland 20910
    Phone:  (301) 755-5656
    Fax:     (301) 755-5627
    Jim.ray@raylegalgroup.com

    *Counsel for Plaintiff David Timbers*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on July 22, 2022, a copy of the Plaintiff's Motion for Leave of Court to File Second Amended Complaint and Jury Demand was served through the CM/ECF system on:

Brandon N. Mourges, Esq.
Thomas J. DeGennaro, Esq.
CREPEAU MOURGES
1344 Ashton Road, Suite 110
Hanover, Maryland 21076
*Counsel for Defendant Telligent Masonry, LLC*

Imoh E. Akpan, Esq.
John K. Archibald, Esq.
Alana R. Glover, Esq.
GOLDBERG SEGALLA LLP
111 South Calvert Street, Suite 2000
Baltimore, Maryland 21202
*Counsel for Defendant Tia Taylor*

By: James. M. Ray, II
James M. Ray, II (#012773)