IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| DAVID TIMBERS | * | |
|     Plaintiff, | * | |
| v. | * | Civ. Action No.: JKB-21-00293 |
| TELLIGENT MASONRY, LLC, *et al.* | * | |
|     Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TAYLOR'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendant, Taylor, submits this Memorandum of Points and Authorities in Support of its Response in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint.

### Introduction

On February 4, 2021, Plaintiff filed his Original Complaint alleging racial discrimination and retaliation arising from his employment relationship with Defendant Telligent Masonry, LLC (hereinafter, "Defendant Telligent"), (ECF No.1), followed by Motions to Dismiss filed by Defendant Telligent and Defendant Taylor. (ECF Nos. 8, 9). Plaintiff filed an Amended Complaint on April 13, 2021. (ECF No. 10). The Amended Complaint significantly altered the initial factual allegations contained in the original Complaint. Consequently, Defendant Telligent and Defendant Taylor filed Motions to Dismiss in response to Plaintiff's Amended Complaint. (ECF Nos. 12, 13). After the Court issued its order denying the motions to dismiss, (ECF No. 26), Defendant Telligent and Defendant Taylor filed their Answers to Plaintiff's Amended Complaint. (ECF Nos. 29, 30). All Parties attended a scheduling conference set by the Court on April 7, 2022. Following the

scheduling conference, this Court issued a Scheduling Order. (ECF No. 33). The April Scheduling Order established the following relevant deadlines:

- **May 9, 2022: Moving for joinder of additional parties and amendment of pleadings**

- August 8, 2022:  Discovery deadline; submission of status report.

(ECF No. 33) (emphasis added).  On July 22, 2022, over a month after the deadline to amend pleadings, established in the Scheduling Order, Plaintiff filed a Motion for Leave to File Second Amended Complaint and Jury Demand.  (ECF No. 41).

Plaintiff argues the Court should grant leave "so that the complaint and the timeline in the complaint conform to the recently obtained information."  Plaintiff relies on Rule 15 of the Federal Rules of Civil Procedure and states:

> Pursuant to Fed. R. Civ. P. 15, "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  See Booker v. Nat'l Fallen Firefighters Found., CV CCB-19-3158, 2021 WL 511218, at *1 (D. Md. Feb. 11, 2021) ("Leave to amend should be freely granted under Rule 15(a), and amendments are generally accepted absent futility, undue prejudice, or bad faith").  The allegations in the Second Amended Complaint are not futile, prejudicial or brought in bad faith and are based on information provided by the Defendants in discovery.

(ECF No. 41).

As set forth more fully below, Plaintiff's Motion for Leave should be denied, because (1) Plaintiff improperly relies on Rule 15 of the Federal Rules of Civil Procedure and fails to state sufficient grounds for the request for leave, (2) the amendment would be futile, and (3) the amendment would be prejudicial to Defendant Taylor.

## Standard of Review

As highlighted above, the Scheduling Order set May 9, 2022 as the deadline for all motions to join parties and amend pleadings.  (ECF No. 33).  Plaintiff filed the Motion for Leave to File

Second Amended Complaint and Jury Demand on July 22, 2022. (ECF No. 41). As discussed by this Court, in *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373 (2002), Plaintiff's motion to amend his complaint after the deadline triggers both Fed. R. Civ. P. 15(a) governing amendments to pleadings and Fed. R. Civ. P. 16(b) governing modification to a scheduling order. This Court further discussed the standards for satisfying the rules are at odds. *Id.* Rule 15(a) states, in pertinent part, that ". . . leave shall be freely given when justice so requires." *Id.* In the contrary, Rule 16(b) establishes, "[a] schedule *shall* not be modified except upon a showing of good cause and by leave of the district judge . . ." Id. (emphasis added). Therefore, Maryland District Courts have utilized a "two step" analysis: Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). *Id.* If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under 15(a). *Id*.

## Argument

### I.     Plaintiff's Motion Should be Denied for a Lack of Good Cause.

First, Plaintiff improperly relies on Rule 15 of the Federal Rules of Civil Procedure in support of the Motion. As discussed above, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b)." *Id.* Plaintiff's Motion is devoid of any justification for the leave request in order to establish good cause as established by Rule 16(b). While Plaintiff's Motion states that he would like to amend the Amended Complaint to "so [] the complaint and the timeline in the complaint conform to the recently obtained information[,]" it does not explain why these facts related to the "timeline" were unknown or unavailable to Plaintiff at the time the Amended Complaint or the Original Complaint was filed. *See Rassoull,* 209 F.R.D. at 373 (2002), (denying plaintiff's motion

for leave to file an amended complaint noting that "[p]laintiff's failure to address the timeliness of the motion [] and failure to supply any reasons for the lateness of the request (or the lateness of the surfacing of the new evidence) . . . tend to demonstrate a general lack of diligence or, at the very least, carelessness on the part of Plaintiff."). Furthermore, this Court has discussed that "Rule 16(b)'s 'good cause' standard focuses on the timeliness of the amendment and the reasons for its tardy submission." *Id.* This Court has emphasized that a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id.* (quoting *Gestetner v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D.Md. 1985)). Therefore, this Court emphasizes "a movant *must* demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." *Id.* (emphasis added). Here, Plaintiff's motion fails to meet that standard. Plaintiff provides no information pertaining to why the facts he seeks to assert in the Second Amended Complaint were not available to him prior to May 9, 2022, the deadline set in the Scheduling Order. (ECF No. 33).

In *Rassoull*, a case similar to the instant case, in which the Plaintiff attended to seek an Amended Complaint after the Scheduling Order deadline without providing a basis for good cause, Judge Chasanow reasoned as follows:

> Plaintiff does not directly provide reasons for seeking a modification of the scheduling order. In fact, Plaintiff has so focused her efforts on moving to amend her complaint that [Plaintiff] never addresses the issue of tardiness in the motion itself . . . the reasons Plaintiff provides in the motion *are technically reasons for requesting leave of court to amend her complaint and not reasons for seeking a modification of the Scheduling Order*; none of the reasons Plaintiff provides in the motion addresses the timeliness of the motion. Even if the first reason offered, *that evidence has surfaced regarding the factual allegations of the complaint, is generously construed as also a reason for an extension and read to mean that evidence has surfaced only recently, Plaintiff provides the Court with no explanation as to why the new evidence has surfaced only recently.* Did new evidence surface belatedly due to circumstances outside of Plaintiff's control, or was it due to Plaintiff's own lack of diligence and carelessness?

*Id.* at 374 (emphasis added). The facts in *Rassoull* are synonymous to the instant case. Plaintiff's Motion states reasons for requesting leave of court to amend his complaint but fails to explain the tardiness/timeliness of the Motion relative to the deadline in the Scheduling Order. Therefore, this Court should apply the same analysis here.

Additionally, Judge Chasanow established that "the primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Id.* The Court further highlighted that "[l]ack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'" *Id.* (citing *West Virginia Housing Dev. Fund v. Ocwen Technology Xchange, Inc.,* 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). Lastly, the Court explained that if the moving party, such as Plaintiff David Timbers, was not diligent, the inquiry should end there. *Id.*

In the instant case, Plaintiff failed to show that the tardiness of his Motion was due to good cause, rather than lack of diligence. The facts contained in Plaintiff's proposed Second Amended Complaint, are facts that were known or should have been known, had Plaintiff or Plaintiff's counsel performed any reasonable investigation the claims alleged. Therefore, Plaintiff has not satisfied the requirements of Rule 16.

## Conclusion

For the reasons discussed above, Defendant, Tia Taylor, respectfully requests that this Court deny Plaintiff's Motion for Leave to File an Amended Complaint.

        Respectfully submitted,

        _____*/s/Imoh E. Akpan*_____
        Imoh E. Akpan (Bar ID#30070)
        Alana R. Glover (Bar ID#22033)
        Goldberg & Segalla, LLP
        111 North Calvert Street
        Suite 2000
        Baltimore, Maryland 21202
        443-615-7516
        iakpan@goldbergsegalla.com
        aglover@goldbergsegalla.com
        *Attorneys for Defendant Tia Taylor*