UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| **DAVID TIMBERS**<br><br>    *Plaintiff*,<br><br>v.<br><br>**TELLIGENT MASONRY, LLC**<br>**d/b/a TELLIGENT MASONRY**<br>**CONSTRUCTION,** *et al*.<br><br>    *Defendants.* | Civil Action No. JKB-21-0293 |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE OF COURT
TO FILE SECOND AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff David Timbers ("Plaintiff" or "Mr. Timbers"), by and through his undersigned counsel, James M Ray, II and Ray Legal Group, LLC, submits this Reply Memorandum in Support of the Motion for Leave of Court to file Second Amended Complaint and Jury Demand ("Motion for Leave") and states as follows:

INTRODUCTION

It is difficult to respond to Telligent Masonry, LLC's ("Telligent") Memorandum in Opposition to the Motion for Leave as Telligent's Opposition rambles and detours from irrelevant topic to irrelevant topic, including, for example, slight delays in the Plaintiff's discovery responses and the alleged inadequacy of the Plaintiff's evidence of emotional distress.

Telligent's Opposition, however, ignores that the core of the Plaintiff's claims have remained the same from his initial EEOC filing through the amended complaints in this court: While the specific dates have needed to be corrected, the evidence establishes that Telligent denied the Plaintiff, an African-American mason, work, while allowing Hispanic masons to continue to

1

work and that, when the Plaintiff complained that he was being discriminated against because of his race, Telligent fired the Plaintiff <u>within a few hours</u>.

ARGUMENT

While the Plaintiff did not directly address Fed. R. Civ. P. 16's good cause requirement in his Motion for Leave, the explanations for why the Plaintiff should be granted leave of court to file the proposed Second Amended Complaint and Jury Demand (the "Second Amended Complaint") demonstrate the "good cause" required under Fed. R. Civ. P. 16 to allow the Plaintiff to file an amended complaint after the discovery order deadline.

Preliminarily, the Plaintiff notes that May 9, 2022 was the deadline for amendments. Much of the factual information that is now included in the proposed Second Amended Complaint was obtained and/or derived from Telligent's discovery responses and document production, which the Plaintiff did not receive until May 16, 2022 (and which was supplemented on June 24, 2022 after a discovery dispute was resolved between counsel).[1] That information was reviewed and evaluated by the Plaintiff who then provided detailed supplemental interrogatory responses to Telligent on July 1, 2022, weeks before the Plaintiff's July 18, 2022 deposition. *See* Exhibit 1 (July 1, 2022 Supplemental Interrogatory Answers). As the Court can readily see, a substantial amount of the supplemental information included in the July 1, 2022 Supplemental Interrogatory Answers is incorporated as proposed changes in the Second Amended Complaint.

Under these circumstances, any argument that the Plaintiff did not act diligently has no merit and the Plaintiff has demonstrated "good cause" in seeking to file the Second Amended Complaint after the May 8, 2022 amendment deadline to allow the factual allegations contained

---

[1] The Court, after denying Telligent's motion to dismiss, issued a Scheduling Order on April 7, 2022 (ECF No. 33). The Plaintiff promptly served discovery on Telligent on April 18, 2022.

therein, including the actual dates of events, to reflect the confirmed evidence learned through discovery.[2]

The core allegations of the Plaintiff's racial discrimination and retaliation claims remain in the complaint, albeit supplemented by additional evidence obtained from Telligent. Telligent's claim that "[i]t would be patently unfair to allow Plaintiff to change his theory of the case and provide new facts and witnesses—some of which were apparently not known, were not disclosed, or in conflict with statements made discovery" is again, like much of Telligent's argument, incomprehensible. *See* Telligent Opposition at 12-13. The Second Amended Complaint does not include any new causes of action; the "theory of the case" is exactly the same (racial discrimination and retaliation); there are no "new fact or witnesses," just a recitation of information obtained from Telligent (including the names of the Telligent comparator masons). Moreover, arguing that this information was "not disclosed" is entirely disingenuous given the detailed information provided in the July 1, 2022 Supplemental Interrogatory Answers that were provided weeks before the Plaintiff's deposition and a month before the discovery deadline. Indeed, equally symptomatic of Telligent's unsupported rhetoric is the claim that "if Plaintiff is permitted to amend his complaint it would require that the Scheduling Order be significantly modified to accommodate discovery regarding the new allegations." *See* Telligent Opposition at 11. But these supposed "new allegations" only reflect information already known by Telligent and only recently obtained by the Plaintiff. Moreover, Telligent understandably is silent as to what "discovery" supposedly would be needed concerning these "new allegations." Telligent did not ask to depose anyone other than

---

[2] Similarly, there is no merit to Telligent's bizarre argument that the Plaintiff needing an additional three weeks to serve his discovery responses constitutes some proof of "bad faith." *See* Telligent Opposition at 5-6. Indeed, Telligent's initial discovery responses were deficient, requiring a deficient letter to be sent to Telligent's counsel and, after counsel consulted, ultimately resulting in Telligent providing a sufficient response some five (5) weeks after its initial responses.

3

the Plaintiff after receiving the July 1, 2022 Supplemental Interrogatory Answers or after the Motion for Leave was filed. Telligent's failure to identify a single instance of actual prejudice that would be caused by the filing of the Second Amended Complaint is significant, if not unexpected, but in any event demonstrates that leave to file the Second Amended Complaint should be allowed under Fed. R. Civ. P. 15 and 16.

CONCLUSION

For the reasons set forth in the original Motion for Leave and in this Reply, the Court should allow the filing of the Second Amended Complaint.

Respectfully Submitted,

RAY LEGAL GROUP, LLC


By:   James. M. Ray, II
James M. Ray, II
Fed. Bar. #: 012773
8720 Georgia Avenue, Suite 803
Silver Spring, Maryland 20910
Phone:  (301) 755-5656
Fax:     (301) 755-5627
jim.ray@raylegalgroup.com

*Counsel for Plaintiff David Timbers*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on August 19, 2022, a copy of the Plaintiff's Reply Memorandum in Support of Motion for Leave of Court to File Second Amended Complaint and Jury Demand was served through the CM/ECF system on:

Brandon N. Mourges, Esq.
Thomas J. DeGennaro, Esq.
CREPEAU MOURGES
1344 Ashton Road, Suite 110
Hanover, Maryland 21076
*Counsel for Defendant Telligent Masonry, LLC*

Imoh E. Akpan, Esq.
John K. Archibald, Esq.
Alana R. Glover, Esq.
GOLDBERG SEGALLA LLP
111 South Calvert Street, Suite 2000
Baltimore, Maryland 21202
*Counsel for Defendant Tia Taylor*

                                                  By:   James. M. Ray, II
                                                  James M. Ray, II (#012773)